UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRANCISCO SANTOS,

      Plaintiff,

  v.                                   17-CV-984
                                        DECISION AND ORDER
J. KEENAN, C.O., et al.,

      Defendants.

---

      On October 2, 2017, the plaintiff commenced this action *pro se* under 42 U.S.C. § 1983. Docket Item 1. After this Court screened this case under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A (Docket Item 8), the plaintiff moved to amend the complaint (Docket Item 9) and filed a first amended complaint (Docket Item 10). On April 29, 2019, the plaintiff moved for a temporary restraining order and preliminary injunction. Docket Item 13. On June 18, 2019, the defendants moved to dismiss the first amended complaint and asked that the first amended complaint be screened. Docket Item 26. On June 19, 2019, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 27.

      On July 8, 2019, the plaintiff moved to amend the first amended complaint and filed a second amended complaint. Docket Item 31. On July 24, 2019, the defendants moved to dismiss the second amended complaint and asked that the second amended complaint be screened. Docket Item 32. The plaintiff responded to the motion to dismiss on August 8, 2019. Docket Item 33. On February 6, 2020, Judge Schroeder

issued a Report and Recommendation ("R&R") finding (1) that the defendants' motion to dismiss the first amended complaint should be denied as moot, (2) that the defendants' motion to dismiss the second amended complaint should be granted in part and denied in part, and (3) that the plaintiff's motion for a temporary restraining order and preliminary injunction should be denied.  Docket Item 36.  The parties did not object to the R&R, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to grant in part and deny in part the defendants' motion to dismiss.

For the reasons stated above and in the R&R,

1. the plaintiff's motion to amend the original complaint (Docket Item 9) is denied as moot;

2. the plaintiff's motion for a temporary restraining order and preliminary injunction (Docket Item 13) is denied without prejudice;

3. the defendants' motion to dismiss the first amended complaint (Docket Item 26) is denied as moot;

4. the defendants' motion to dismiss the second amended complaint (Docket Item 32) is granted in part and denied in part as follows:

   a. the motion to dismiss the claims against the defendant J. Keenan relating to the denial of recreation and privileges is GRANTED;

   b. the motion to dismiss the claims against the defendants J. Keenan, D. Kolasz and John Doe #5 for retaliation relating to the denial of telephone calls is GRANTED;

   c. the motion to dismiss the claims against defendants John Doe #4, C. Barton, E. Stanton, Lynn Connors, John Doe #6, Thomas Dougherty, Joseph Noeth, and R. Bishop relating to a cell search and finding a weapon in the cell, and the false misbehavior report allegedly issued so as to have the plaintiff removed from his mess hall job program while the plaintiff was in keeplock is GRANTED;

   d. the motion to dismiss the claims against defendants Rory Bell and John Doe #10 alleging retaliation relating to a false misbehavior report issued against the plaintiff following the assault on May 16, 2018, and the claims against Bell and defendant Deborah Graf relating to moving the plaintiff back to his cell from the infirmary following the assault is GRANTED;

e. the motion to dismiss the claims against defendants Paul Trowbridge, Jason Zagst, and John Doe #2 alleging retaliation relating to the false misbehavior report filed against the plaintiff for a weapon found in the plaintiff's cell is GRANTED;

f. the motion to dismiss the claims alleging retaliation against any defendant relating to unsanitary cell conditions and food tampering is GRANTED; and

g. the defendants' motion to dismiss is otherwise DENIED.

It is further ordered that the Clerk of Court shall terminate the following defendants as parties to this action because the second amended complaint fails to state any claims against them upon which relief can be granted: J. Keenan, John Doe #1, Sandra Prusak, A. Romesser, Lynn Connors, John Doe #4, John Doe #5, C. Barton, E. Stanton, John Doe #6, John Doe #7, R. Bishop, Joseph Noeth, Thomas Dougherty, Paul Trowbridge, John Marino, John Doe #10, Debra Fuller and Jason Zagst.

This matter is referred back to Magistrate Judge Schroeder for further proceedings consistent with the referral order of June 19, 2019, Docket Item 27.

SO ORDERED.

Dated: March 3, 2020
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE