UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANCISCO SANTOS,

                            **Plaintiff,**

v.                                                                         **17-CV-984-JLV**

**DIANA BOURGEOIS**, *et al.*,

                            **Defendants.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. No. 27. Plaintiff Francisco Santos ("Plaintiff"), an inmate of the New York State Department of Corrections and Community Supervision, alleges that correctional staff at Attica Correctional Facility, retaliated against him for filing grievances against them, and that medical staff denied him necessary medical care. Dkt. No. 10. He seeks relief pursuant to 42 U.S.C. § 1983. This Court dismissed Plaintiff's claims against several defendants for the reasons stated in the undersigned's February 6, 2020 Report, Recommendation, and Order (Dkt. No. 36), which was adopted by Judge Vilardo on March 3, 2020 (Dkt. No. 38). Plaintiff now moves for a copy of the Office of Special Investigation's ("OSI") file relating to his May 16, 2018 assault by another inmate (Dkt. No. 47) and for appointment of counsel (Dkt. No. 49).

Plaintiff claims that he is entitled to copies of the OSI file pursuant to this Court's Case Management Order ("CMO"), which directed Defendants to provide plaintiff "copies of any documents prepared by any employee of the State of New York in

connection with the events from which the plaintiff's claims arose including, but not limited to: incident reports, intradepartmental memoranda, use of force reports, unusual incident reports, witness statements, misbehavior reports, and medical treatment records (if release is properly authorized)." Dkt. No. 45. Defendants have produced copies of more than 1,500 documents in this case. Defendants did not turn over a copy of the OSI file, but rather, allowed Plaintiff to review the 147 page file in the Five Points Correctional Library under the supervision of an OSI Investigator. Dkt. No. 49, pp. 5-6.

Due to the sensitive nature of OSI documents, it is standard protocol to provide *pro se* inmates an opportunity for controlled review of those documents, rather than turning over copies, as was done in this case. *Henry v. Liberty*, No. 915CV1108MADDEP, 2017 WL 633409, at *2 (N.D.N.Y. Feb. 16, 2017) ("I agree with defendants that, for legitimate penological reasons, plaintiff should not be permitted to retain copies of the OSI investigative file associated with the incident at issue in this matter."). Even where an inmate plaintiff is represented by counsel, it is often the practice to allow the plaintiff to view OSI materials in a controlled manner, but not to copy them. *Telesford v. Wenderlich*, No. 16-CV-6130 CJS/MJP, 2020 WL 2897012, at *4 (W.D.N.Y. June 3, 2020) (declining to impose sanctions where OSI forwarded complaints to defense counsel, who indicated that he would provide redacted versions to Plaintiff for a controlled review). Accordingly, Plaintiff's motion for a copy of the OSI file is denied. However, should Plaintiff request, the Attorney General shall produce the file for another controlled review.

There is no constitutional right to appointed counsel in civil cases. In such cases, "federal courts have the authority to appoint counsel, but generally they are not required to do so." *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) (citing 28 U.S.C. § 1915). The determination of whether to appoint counsel rests squarely within the discretion of the court. *Id.* In making this decision, "the district judge should first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If a plaintiff meets this threshold requirement, the court should then consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61-62; *see also Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir. 1997).

"Volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.,* 877 F.2d 170, 172 (2d Cir. 1989). Because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause[,]" courts must be very measured in granting requests for counsel. *Cooper,* 877 F.2d at 172. "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Plaintiff alleges that while he was an inmate at Attica Correctional Facility: defendant corrections officers denied him recreation and family visitation, incited violence against him by other inmates, planted a weapon (contraband) in his cell, subjected him to an illegal cell search and a false disciplinary report, and wrongly confined him to the Special Housing Unit.  In addition, Plaintiff claims that defendant medical staffers denied him medical care arising from his assault and from a prior leg injury, and forced him to use the stairs in violation of a medical "flat order" directing that he should avoid such activity.[1] Plaintiff claims that all of this was done to retaliate against him for filing grievances against prison staff.  Dkt No. 31-2, pp. 1-60.

It is unclear whether Plaintiff's claims are of substance or of likely merit. While some of Plaintiff's claims survived the defendants' motion to dismiss, this only shows that he has asserted sufficient facts to state a claim, not that he will be able to prove them. Defendants contend that Plaintiff's claims that prison staff conspired against him are "disproven by readily identifiable documentation already in the Plaintiff's possession and videos that [he] has already reviewed."  Dkt. No. 50, pp. 5-6.

Even if Plaintiff was able to show that his "position seems likely to be of substance," *Hodge*, 802 F.2d at 61, his competence in representing himself to date shows that appointment of counsel is not warranted at this early juncture.  Plaintiff has an obvious command of the facts relating to his claims, e.g., specific names, dates, and locations,

---

[1] Plaintiff was allegedly forced to use the stairs after he was transferred to Southport Correctional Facility, because his medical "flat order" had been voided by the physician's assistant at Attica. Dkt. No. 31-2, pp. 51-52.

4

which will guide discovery.  And he has demonstrated that he is capable of litigating this case on his own behalf.  Plaintiff filed various motions (to proceed *in forma pauperis*, for appointment of counsel, and to amend his complaint) and letters requesting discovery and status updates.  In addition, Plaintiff has amended his complaint, opposed Defendants' motion to dismiss, and updated his address as required by the Local Rules.  Dkt. Nos. 2, 3, 4, 5, 6, 9, 10, 11, 14, 16, 29, 30, 33, 44.  Plaintiff's writing is clear and lucid and supported by legal authority.  Moreover, notwithstanding Plaintiff's allegations of a far-reaching conspiracy, his claims are not that complex and have been substantially simplified by this Court's decision on Defendants' motion to dismiss.  Dkt. Nos. 27 & 38.  Accordingly, this Court finds that appointment of counsel is not warranted at this time.  Should circumstances change as this case progresses, Plaintiff may renew his request for counsel.  In the meantime, it is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se.  See* 28 U.S.C. § 1654.

**IT IS HEREBY ORDERED** that Plaintiff's motion for copies (Dkt. No. 47) is **DENIED**, but that Plaintiff should be permitted one additional controlled review of the OSI file should he requested it.

Plaintiff's request for appointment of counsel (Dkt. No. 49) is **DENIED** without prejudice.

The Clerk of the Court is directed to mail a copy of this Decision and Order to Plaintiff.

**SO ORDERED.**

DATED:   Buffalo, New York
December 22, 2020

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
