UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**FRANCISCO SANTOS, 13-A-0532,**

               Plaintiff,

v.                                                17-CV-984V(Sr)

**DIANA BOURGEOIS, et al.,**

               Defendants.

---

## DECISION AND ORDER

        Plaintiff, Franciso Santos filed this *pro se* action seeking relief under Title 42, United States Code § 1983 alleging staff at the Attica Correctional Facility were deliberately indifferent to his serious medical needs and retaliated against him for filing grievances. Dkt. #36.

        Currently before the Court is plaintiff's motion for sanctions relating to defendants' response to his discovery demands. Dkt. #103 & Dkt. #116. Plaintiff alleges that defense counsel has misrepresented its production of discovery and produced duplicative and nonresponsive documents to obfuscate its withholding and/or destruction of material evidence, specifically video evidence. Dkt. #103 & Dkt. #116. The Court has conducted fifteen conferences with plaintiff and counsel attempting to address these concerns and is satisfied that the Assistant Attorney General representing defendants in this matter has made good faith efforts to search for property plaintiff alleges to have been lost during his transfer between correctional

facilities and to obtain all available discovery, including videos, relevant to this action. Accordingly, plaintiff's motion for sanctions is denied and plaintiff's motion for transcripts of the conferences (Dkt. #120), to use in support of his motion for sanctions is denied as moot.

Plaintiff also moves for appointment of counsel. Dkt. #116. In support of his motion, plaintiff argues that he needs counsel to assist him with discovery, including securing available evidence and conducting depositions. Dkt. #116. Specifically, plaintiff seeks to obtain deposition testimony of two witnesses to the allegedly retaliatory actions taken against plaintiff prior to his assault on May 16, 2018, including threats made by defendants and interference with his medical flat permit and participation in the Family Reunion Program, as well as to the assault itself. Dkt. #105.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

      4.      Whether the legal issues involved are complex; and

      5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

      The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

      As the Court has previously noted (Dkt. #55), plaintiff has demonstrated a capacity to communicate the factual basis of his claims to the Court and to advocate on his own behalf. The Court recognizes, however, that plaintiff's incarceration prevents him from communicating with and obtaining testimony from potential witnesses to

incidents alleged in his complaint, specifically, witnesses to the circumstances leading up to plaintiff's assault on May 16, 2018. As a result, the Court grants plaintiff's motion for appointment of counsel for the limited purpose of contacting the two witnesses identified by plaintiff in his motion (Dkt. #105), to ascertain whether they possess information relevant to plaintiff's claims in this action and, if so, whether they would be willing to be identified as a witness in this action and provide a sworn statement of their recollection of relevant events.

The Court therefore assigns Kevin W. Spitler, Esq., 181 Franklin Street, Suite 300, Buffalo, New York 14202, *pro bono*, for this limited appointment.

A copy of the unredacted motion (Dkt. #105), identifying plaintiff's potential witnesses is enclosed with this Order.

The New York State Department of Correctional Services is directed to allow communication between Mr. Sptiler and plaintiff *via* video or telephone conference at a date and time to be agreed upon by counsel and the correctional facility, at which time plaintiff shall have made available to him all of his legal papers.

Mr. Sptiler is advised that the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel and related forms are available on the Court's web site at the Attorney Information link from the home page located at: www.nywd.uscourts.gov. The Chief Judge of the Court will also

issue an Order directing PACER to waive its fees so *pro bono* counsel can access and print at no cost any documents filed herein that counsel may need.

**SO ORDERED.**

DATED:	Buffalo, New York
	August 29, 2022

	 *s/ H. Kenneth Schroeder, Jr.*
	**H. KENNETH SCHROEDER, JR.**
	**United States Magistrate Judge**