UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**FRANCISCO SANTOS, 13-A-0532,**

                     **Plaintiff,**

v.                                                     17-CV-984V(Sr)

**DIANA BOURGEOIS, et al.,**

                     **Defendants.**

---

## DECISION AND ORDER

        Plaintiff, Francisco Santos filed this *pro se* action seeking relief under Title 42, United States Code § 1983 alleging staff at the Attica Correctional Facility ("Attica"), were deliberately indifferent to his serious medical needs and retaliated against him for filing grievances.  Dkt. #36.

        During the course of discovery, the Court has conducted fifteen conferences with plaintiff and counsel attempting to address plaintiff's allegation that defense counsel has misrepresented its production of discovery and produced duplicative and nonresponsive documents to obfuscate its withholding and/or destruction of material evidence, specifically video evidence. The Court also appointed counsel for the limited purpose of contacting the two witnesses identified by plaintiff to ascertain whether they possess information relevant to plaintiff's claims in this action and, if so, whether they would be willing to be identified as a witness in this action and provide a sworn statement of their recollection of relevant events. Dkt. #137. Satisfied

that the Assistant Attorney General representing defendants in this matter made good faith efforts to search for property plaintiff alleges to have been lost during his transfer between correctional facilities and to obtain all available discovery, including videos, relevant to this action, and that plaintiff had been afforded the opportunity to obtain testimony from potential witnesses, the Court set a deadline for filing of dispositive motions. Dkt. #149.  Following several extensions of this deadline (Dkt. ## 155 & 159), defendants filed a motion for summary judgment on May 2, 2023. Dkt. #162. Plaintiff was directed to respond to the motion no later than August 25, 2023. Dkt. #173. On November 7, 2023, at plaintiff's request, that deadline was extended to February 23, 2024, with an admonition that "NO FURTHER EXTENSION WILL BE GRANTED." Dkt. #177.

Currently before the Court is plaintiff's motion to stay the response deadline. Dkt. #180. In support of the motion, plaintiff alleges that five of seven bags of plaintiff's personal property were not returned to him following his transfer from the Wende Correctional Facility ("Wende"), to the Collins Correctional Facility ("Collins"), on November 23, 2023. Dkt. #180. Following his transfer from Collins to Attica on December 7, 2023, plaintiff alleges that he has not received five property bags containing his active legal documents, including all legal documents relating to this action and that the property that was transferred to Attica was "severely damaged and destroyed." Dkt. #180. Plaintiff states that the missing property bags were secured with blue plastic zip ties numbered: 26-285-29; 27-445-51; 27-446-77; 27-468-56; and 27-468-99. Dkt. #180. Plaintiff further alleges that he received a letter from Prisoners'

Legal Services ("PLS"), dated December 27, 2023 informing him that they had received 10 large boxes of plaintiff's personal property from Wende without letter or explanation and asserts that he cannot respond to defendants' motion for summary judgment without the legal documents currently in possession of PLS. Dkt. #180. Plaintiff seeks an Order directing the New York State Department of Corrections and Community Supervision ("NYSDOCCS"), to stop interfering with the prosecution of this action by seizing, destroying and intentionally misplacing plaintiff's legal documents during transfer between NYSDOCCS facilities and to afford plaintiff 30 days from the date his legal documents and property are returned to him by NYSDOCCS and/or PLS to respond to the motion for summary judgement. Dkt. #180.

In response to plaintiff's motion, on January 9, 2024, counsel for NYSDOCCS submits an affidavit from the Inmate Record Coordinator for Wende, with attached documentation, indicating that on November 21, 2023, plaintiff signed a form authorizing Wende to transfer five bags of personal property numbered: 26-285-29; 27-445-51; 27-446-77; 27-468-56; and 27-468-99 to Prisoner Legal Services and another form authorizing disbursement of postage in the amount of $397.45 for such transfer. Dkt. #181. Given that plaintiff intentionally deprived himself of his own legal papers and has misrepresented the circumstances by which he has been deprived of his legal papers to the Court, defendants note that they have mailed plaintiff a "safe harbor" letter in accordance with Rule 11 of the Federal Rules of Civil Procedure demanding that plaintiff withdraw this motion and, in the absence of such withdrawal, request that it be denied. Dkt. #181.

Plaintiff has been afforded more than nine months to respond to defendants motion for summary judgment and was warned on November 7, 2023 that no further extensions would be granted, yet on November 21, 2023, plaintiff authorized the transfer of the very same personal property bags that he advised the court were missing to Prisoners' Legal Services. Having deprived himself of his personal property, the Court denies plaintiff's motion to stay the deadline to respond to the motion for summary judgment pending return of such personal property and directs plaintiff to respond no later than February 23. 2024.

The Clerk of the Court shall enclose a copy of defendants' memorandum of law in support of their motion for summary judgment (Dkt. #162-2), with this Decision and Order so that plaintiff can respond to defendants arguments. Plaintiff is reminded that he may utilize the provisions of Rule 56(d) to affirm to the Court that, for specified reasons, he cannot present certain facts that are essential to justify his opposition.

**SO ORDERED.**

DATED:   Buffalo, New York
         January 26, 2024

                                       *s/ H. Kenneth Schroeder, Jr.*
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**